**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD DEAN KEELER, | No. 10-56426 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00268-WQH-JMA |
| v. | |
| SIERRA CONSERVATION CENTER; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Gerald D. Keeler ("Keeler") appeals the district court's denial of Keeler's

petition for writ of habeas corpus. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review de novo a district court's decision to deny a habeas corpus petition. Lambert v. Blodgett, 393 F.3d 943, 964–65 (9th Cir. 2004).

Keeler argues that the state superior court's denial of his request to continue his probation revocation hearing violated Keeler's right to due process.

Keeler is not entitled to federal habeas corpus relief because he has not shown that the denial of his continuance was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). He also has not shown that the denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

First, Keeler has not shown that by denying the continuance request, the state trial court violated his Fourteenth Amendment right to due process by preventing him from hiring private counsel. Trial judges are afforded "broad discretion . . . on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay'" violates the right to due process. Morris v. Slappy, 461 U.S. 1, 11 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). The Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar." United States v.

2

Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (internal citation omitted). Keeler was represented by public defenders both at his initial revocation hearing, where Keeler received a continuance, and at the second revocation hearing several weeks later. Keeler had already received one postponement and had almost a month's notice between the two hearings to retain private counsel.

There is likewise no indication that Keeler's right to due process was violated by the denial of Keeler's request for a second continuance to allow Keeler to subpoena his drug test records. Due process requires that a defendant in a probation revocation proceeding be afforded the opportunity to present evidence to justify his continued probation. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). Keeler had ample opportunity to discover and present any exculpatory evidence to the state courts, and has not explained his failure to do so.

We decline to take judicial notice of Keeler's new exhibits because the exhibits were not on the record that was before the state courts. Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1400 (2011).


**AFFIRMED.**

3